IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LUIS A. MORENO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-019 |
| | ) | |
| STACEY N. STONE, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at McRae Correctional Facility, in Helena, Georgia, filed the above-captioned petition pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I. BACKGROUND**

On March 15, 2018, Petitioner submitted a petition pursuant to 28 U.S.C. § 2241 to the Clerk of Court without submitting the appropriate filing fee or a request to proceed *in forma pauperis* ("IFP"). That same day, the Clerk of Court sent a deficiency notice to Petitioner explaining he must either pay the $5.00 filing fee or submit a motion to proceed IFP. (Doc. no. 2); see also Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, payment of the appropriate filing fee or submission of an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action

is $5.00). Petitioner was cautioned failure to cure the filing deficiency within twenty-one days could result in dismissal of his case. (Doc. no. 2) To date, Plaintiff has not responded to the Clerk's notice.

## II. DISCUSSION

The time to respond to the Clerk's March 15th deficiency notice has passed, and Petitioner has not submitted the required filing fee or IFP motion. Therefore, dismissal without prejudice is appropriate.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also McLeod v. Sec'y, Fla. Dep't of Corr., 679 F. App'x 840, 842 (11th Cir. 2017) (*per curiam*) ("The district court has the inherent authority to manage its own docket to achieve 'the orderly and expeditious disposition of cases.'") (citation omitted); Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Here, Petitioner failed to comply with the requirements for commencing a civil action by submitting an appropriate filing fee or motion to proceed IFP with his petition, and when given the opportunity to submit the appropriate paperwork, he failed to respond. Petitioner's

2

failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an abandonment of his case.

Because the Petitioner has not paid the filing fee or submitted a motion to proceed IFP, the petition is subject to dismissal for want of prosecution.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2018, at Augusta, Georgia.

*Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA